# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mylan L. Denerstein
Direct: +1 212.351.3850
Fax: +1 212.351.6350
MDenerstein@gibsondunn.com

October 22, 2016

VIA ECF FILING

The Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   Airbnb, Inc. v. Schneiderman et al., No. 16-cv-08239

Dear Judge Koeltl:

      We write as counsel for Plaintiff Airbnb, Inc. in the above-captioned case.  On Friday, October 21, 2016, Your Honor held a hearing regarding Airbnb's Application for a Temporary Restraining Order enjoining New York State and New York City from enforcing New York Multiple Dwelling Law ("MDL") § 121 and New York City Administrative Code § 27-287.1 against Airbnb.  At the hearing, Your Honor declined to enter such an order at this time in order to allow the parties an opportunity to fully brief the issue and in light of the City's representations to Your Honor that it would not be in a position to begin enforcing the challenged law for at least a couple of weeks and that the City would not enforce the law retroactively as against Airbnb at least through this upcoming Tuesday, October 25, 2016.  After yesterday's hearing, and in light of the City's representations to Your Honor, we again reiterated to the City that Airbnb would be amenable to extending the briefing schedule on its Application.

      Despite the City's representations to Your Honor, we received an email from the City's counsel, Melanie Sadok, this morning that said:

GIBSON DUNN

The Honorable John G. Koeltl
October 22, 2016
Page 2

      I am writing to follow up on our conversation after argument regarding the possibility of agreeing to not conduct retroactive enforcement in exchange for additional time to brief the TRO. My client has not authorized me to make such agreement.

*See* Exhibit A (correspondence between counsel for the City and Airbnb). In other words, the City has changed its position on retroactivity overnight, now stating that it does not agree to "not enforce retroactively," including through this weekend and the expedited briefing schedule that the Court previously ordered on Airbnb's Application.

      In light of the City's changed position on retroactivity, Airbnb now faces the immediate and very real risk of irreparable harm, as described in Airbnb's brief in support of its Application. *See* Memorandum in Support of Application for Temporary Restraining Order at 3, 23-25. This includes facing the choice of risking staggering penalties of up to $7,500 for each of the tens of thousands of third-party listings on Airbnb's website or complying with the new law – which is clearly preempted by federal law – by immediately removing all New York listings, including ones that are entirely lawful, while substantially disrupting its business operations and suffering a loss of customer goodwill. *See id.*

      Airbnb therefore respectfully renews its request that the Court enter a temporary restraining order enjoining the City from enforcing MDL § 121 and New York City Administrative Code § 27-287.1 against Airbnb, at least through the short period of time necessary to fully brief, and for the Court to consider, Airbnb's Application.

Sincerely,

*/s/ Mylan Denerstein/slk*

Mylan L. Denerstein

MLD/slk
Attachment

cc: Counsel for Defendants (*via email*)