UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
AIRBNB, INC.,

               Plaintiff,

     - against -

ERIC SCHNEIDERMAN, Attorney General of
the State of New York, in his official capacity;
CITY OF NEW YORK, a municipal corporation;
and BILL DE BLASIO, Mayor of New York
City, in his official capacity,

               Defendants.
------------------------------------------------------------- x

Case No.   16 cv 8239 (KBF)

# DECLARATION OF JONATHAN H. BLAVIN IN SUPPORT OF APPLICATION OF AIRBNB, INC. FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

MYLAN L. DENERSTEIN
SARAH L. KUSHNER
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000

JOHN W. SPIEGEL
JONATHAN H. BLAVIN
ELLEN M. RICHMOND
JOSHUA PATASHNIK
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
(415) 512-4000

I, Jonathan H. Blavin, declare as follows:

1.  I am an attorney licensed in the State of California. I am counsel for Plaintiff Airbnb, Inc. in the above captioned matter. I have personal knowledge of the facts set forth below, and could testify competently to those facts if called to do so.

2.  I submit this declaration in support of Plaintiff's Application for a Temporary Restraining Order and Preliminary Injunction, pursuant to Federal Rule of Civil Procedure 65, which seeks to prevent Defendants from enforcing Section 121 of New York's Multiple Dwelling Law and Section 27-287.1 of the New York City Administrative Code (the "Act") against Plaintiff Airbnb, Inc. ("Airbnb").

3.  The Act, and its potential enforcement against Airbnb, violates Airbnb's rights under the Communications Decency Act, 47 U.S.C. § 230, the First and Fourteenth Amendments, and the home-rule clause of the New York Constitution, for the reasons stated in Airbnb's accompanying Memorandum of Law. The Act will cause Airbnb irreparable harm unless enforcement is immediately restrained, as the Act threatens Airbnb with prosecution and significant penalties under a preempted and unconstitutional law. Complying with the Act would be highly disruptive to Airbnb's business and would threaten to cause a permanent erosion of customer goodwill.

4.  No previous application for this relief or similar relief has been made by Airbnb.

5.  My co-counsel Mylan Denerstein has provided Defendants, through their counsel, with telephonic and electronic notice of Plaintiff's Application for a Temporary Restraining Order and Preliminary Injunction by placing telephone calls this morning to and emailing Georgia Pestana, First Assistant New York City Corporation Counsel, and Kent Stauffer, Executive Deputy Attorney General of New York for the State Counsel Division. On those calls and in her emails, Ms. Denerstein communicated Airbnb's intention to seek a temporary restraining order today. Ms. Denerstein also requested that the City and Attorney General agree to a stay of enforcement of the Act pending resolution of a preliminary injunction motion.

6. Attached hereto as Exhibit A is a true and correct excerpt from a transcript of a June 17, 2016 hearing of the New York State Assembly, which is available on the New York State Assembly's website. Munger, Tolles & Olson employees working at my direction obtained a copy of this excerpt from the following website: https://nystateassembly.granicus.com/DocumentViewer.php?file=nystateassembly_9f06132ba9cf7267c847780e4ffa5e4b.pdf&view=1.

7. Attached hereto as Exhibit B is a letter entitled "Comments of New York State Senator Liz Krueger before the Federal Trade Commission regarding the 'Sharing' Economy: Issues Facing Platforms, Participants, and Regulators," dated May 26, 2015. Munger, Tolles & Olson employees working at my direction obtained a copy of this letter from the following website: https://www.ftc.gov/system/files/documents/public_comments/2015/05/01816-96161.pdf.

8. Attached hereto as Exhibit C is a true and correct copy of an article written by Brett LoGiurato entitled "This Is the One Law Airbnb's Opponents Desperately Want to Change," published by Business Insider on April 22, 2014. Munger, Tolles & Olson employees working at my direction obtained a copy of this article from the following website: http://www.businessinsider.com/airbnb-illegal-law-case-2014-4.

9. Attached hereto as Exhibit D is a true and correct copy of an article written by Joel Stashenko entitled "Airbnb Seeks Veto of Bill to Restrict Ads for Available Rentals," published by the New York Law Journal on June 23, 2016. Munger, Tolles & Olson employees working at my direction obtained a copy of this article from the following website: http://www.newyorklawjournal.com/id=1202760715429/Airbnb-Seeks-Veto-of-Bill-to-Restrict-Ads-for-Available-Rentals?slreturn=20160920190312.

10. Attached hereto as Exhibit E is a true and correct copy of an article written by Linda Rosenthal entitled "Time to Play Hardball with Airbnb," published by the New York Daily News on June 15, 2016. Munger, Tolles & Olson employees working at my direction obtained a copy of this article from the following website:

http://www.nydailynews.com/opinion/linda-rosenthal-time-play-hardball-airbnb-article-1.2674759.

11.     Attached hereto as Exhibit F is a true and correct copy of a report produced by Shane King from New York State Watch, regarding a June 14, 2016 meeting of the New York Assembly Standing Committee on Codes.  Munger, Tolles & Olson employees working at my direction obtained a copy of this report from the New York State Watch website.

12.     Attached hereto as Exhibit G is a true and correct copy of testimony provided by Elizabeth Glazer to the New York City Council Committee on Housing and Buildings on January 20, 2015, entitled "Short-Term Rentals – Stimulating Economy or Destabilizing Neighborhoods."  Munger, Tolles & Olson employees working at my direction obtained a copy of this testimony from the following website:
https://www.ftc.gov/system/files/documents/public_comments/2015/05/01816-96312.pdf.

13.     Attached hereto as Exhibit H is a true and correct copy of a letter written by Linda Rosenthal and Jumaane D. Williams to Airbnb investors, dated March 9, 2016.  Munger, Tolles & Olson employees working at my direction obtained a copy of this letter from the following website: http://helenrosenthal.com/wp-content/uploads/2016/03/2016.03.09-Airbnb-Investor-Letter.pdf.

14.     Attached hereto as Exhibit I is a true and correct copy of a New York State Assembly webpage showing the history of, justification for, and text of Bill No. A-8704C.  Munger, Tolles & Olson employees working at my direction produced a PDF copy of the webpage, which is available at the following link:
http://assembly.state.ny.us/leg/?default_fld=&leg_video=&bn=A08704&term=2015&Summary=Y&Actions=Y&Committee%26nbspVotes=Y&Floor%26nbspVotes=Y&Memo=Y&Text=Y

15.     Attached hereto as Exhibit J is a true and correct copy of an article from the City of New York's website entitled "De Blasio Administration Reduces Fines Assessed by Consumer Affairs on Businesses in Half, Cuts Violations Issued by One Third Over Past Year," published on July 31, 2015.  Munger, Tolles & Olson employees working at my direction

obtained a copy of this article from the following website: http://www1.nyc.gov/office-of-the-mayor/news/530-15/de-blasio-administration-reduces-fines-assessed-consumer-affairs-businesses-half-cuts.

16.     Attached hereto as Exhibit K is a true and correct copy of a report by the New York Attorney General's Office entitled "Airbnb in the City," released in October 2014. Munger, Tolles & Olson employees working at my direction obtained a copy of this report from the following website: http://www.ag.ny.gov/pdfs/Airbnb%20report.pdf.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 21, 2016, in New York, New York.

_____
Jonathan H. Blavin